### THOMAS C. HARDY v. THE STATE.

1. INDICTMENT.—Being charged with a felony, the accused moved to quash the indictment because no entry of its presentment in open court by the

grand jury appeared on the minutes of the court. *Held*, in view of the requirements of the Code of Criminal Procedure, that this exception to the indictment, being interposed at the proper time, and verified by the record of the court below as judicially known to it, was fatal to the indictment, and it was error to overrule the motion to quash. Pasc. Dig., Arts. 2857, 2858.

2. PRACTICE IN THE COURT OF APPEALS.—Unless exceptions were taken in the court below to the proceedings prior to the indictment, this court will presume them to have been regular, and they need not be set out in the transcript.

APPEAL from the District Court of Newton. Tried below before the Hon. H. C. PEDIGO.

The opinion of the court discloses everything necessary.

*Lipscomb Norvell*, for the appellant, filed an able brief.

*George McCormick*, Assistant Attorney General, for the State. Appellant's counsel urges that the criminal should go *scot free*, because the clerk of the district court in which the indictment was presented neglected to note upon the minutes that the indictment had been returned or presented by the grand jury in open court.

I take it for granted that in a matter so trivial, unless it could be made to appear affirmatively that the bill had not been presented in open court, the objection will not avail.

The indictment is marked "filed," and the date stated, showing that it was placed in the clerk's hands during that session of the court. It also appears, from the record of that term of the court, that A. M. Alley was foreman of the grand jury, G. J. O. Hardy, clerk of the court, and G. W. Gann, district attorney; all these names likewise appearing upon the indictment.

Appellant's counsel does not say that the bill was not properly returned, but that it does not show from the record or minutes of that term of the court that it was presented in open court.

Besides these evidences of the validity and identity of the bill of indictment, the record in this cause shows that appellant, soon after presentment, entered into bond for his appearance to answer the same; that writs for his arrest had been regularly issued; that after arrest he applied several times for continuances of his case, the same having been thus continued some nine or ten times, until at last, being forced into trial, he fled the court and was rearrested. After this he continued his applications for continuances, and finally, when forced into trial again, discovers that the bill had not been presented in open court. I say, under all these circumstances, the plea comes too late. *English* v. *The State*, 4 Texas, 125; *Carter* v. *The State*, 12 Texas, 502; *The State* v. *Clarkson*, 3 Ala. 378.

The Alabama case referred to lays down the rule that an indictment found among the files of the court, and recognized as an authentic paper, proves itself.

Article 2858, Paschal's Digest, which requires that the fact of the grand jury appearing in open court and presenting the bill there, to be noted on the minutes of the court, which they are required to do by the preceding Article, must be construed as simply directory; and a failure to make such entry, when the fact is that the preceding Article of the Code had been complied with, ought not to invalidate the bill.

As a general rule, when a statute is directory it is proper to follow it; but it has never been held absolutely indispensable to follow it.

ECTOR, Presiding Judge. The appellant, Thomas C. Hardy, was convicted at the December term, 1876, of the district court of Newton county of incest in marrying his mother's half-sister. One of the grounds for a reversal of the judgment is that the court erred in overruling defendant's exceptions to the indictment.

The questions presented by the 2d exception are, simply, whether the entry upon the minutes of the bringing of the indictment into court by the grand jury is necessary to constitute the indictment a legal accusation, and whether such entry is the only legal evidence of the return of the indictment. In this case the caption of the indictment is in the usual form, and the indictment was signed, "Alphonso H. Alley, foreman of grand jury." Indorsed on the back is the following: "*The State of Texas* v. *Thomas Hardy.* Indictment, incest; filed April 12, 1871. G. J. P. Hardy, C. D. C. N. C." The transcript shows that the district court of Newton county was in session on the 12th of April, 1871, and that Alphonso H. Alley was foreman of the grand jury, and it further shows that, on the trial of the exceptions and motions to quash the indictment, the defendant's counsel read in evidence the minutes of the district court of Newton county for the April term, A. D. 1871, and that it appeared therefrom, to the satisfaction of the court, that there is no entry on the said minutes that the indictment was by the grand jury delivered to the judge of the court, in open court or otherwise, and that there is no entry upon the minutes of the proceedings of the court, at the said term thereof, of the presentment of the indictment by the grand jury, and that the style of the case is not mentioned or noted in the said minutes.

Article 388 of the Code of Criminal Procedure provides: "When the grand jury shall have acted upon any accusation before them, and the indictment has been prepared with the requisite form, they shall, in open court, deliver the indictment to the judge of the court, a quorum at least being present on such occasions."

Article 389 (Id.): "The fact of the presentment of the indictment, in open court, by the grand jury, shall be entered upon the minutes of the proceedings of the court,

noting briefly the style of the criminal action and the offense charged."

It is not necessary to bring up the record of the proceedings previous to the finding of the indictment, where the same are not excepted to. When the previous proceedings are not shown by the transcript, regularity will be presumed. A transcript need not necessarily contain a record of all the proceedings had in the district court anterior to the trial. The absence, in the record, of the evidence of the bringing into court of the indictment by the grand jury does not disprove the existence of such record evidence in the court below. The objection to the indictment was taken at the proper time.

Where all the proceedings in the case are not shown by the transcript, and the error complained of does not affirmatively appear, regularity in the proceedings will be presumed. The district judge judicially knows the records of that court. If the entry of the bringing into court of the indictment by the grand jury has not been made, such an omission might be supplied by an amendment of the record in this respect, if done at the proper time.

There has been some conflict of opinion upon the questions raised in this exception of the defendant. The supreme court of Alabama hold that it is not a valid objection to an indictment, properly returned, indorsed, and filed, that the fact of its return is not recited on the minutes of the court. Goldthwaite, J., in delivering the opinion of the court, says: "The fact to be proved, or rather disproved, was the authenticity of the indictment as a record of the court. There always is, and necessarily must be, a period in the progress of a prosecution when the indictment is *in fieri*, and we are not aware that any entry made in it, or upon the minutes, by the clerk is necessary to give it effect as a record. Indeed, the very fact of pleading

to it admits its genuineness as a record." *The State* v. *Clarkson*, 3 Ala. 381.

The same court, in a very able opinion delivered by Walker, C. J., after defining an indictment and giving a number of authorities to support this definition, decides that the entry of the indictment in the minutes of the court at the term when it is returned is not an element in the constitution of an indictment. The following extracts we take from this opinion.

" The inevitable deduction from these authorities is that, when a written accusation is properly indorsed and returned by the grand jury into court, it becomes a valid indictment ; and the obligation of the accused to answer is not destroyed by the clerical omission of a recital upon the minutes of the fact of the return.　*　*　*　When the paper is properly returned into court the defendant is legally charged ; and while the entry upon the minutes of the fact of the bringing in of the indictment is eminently proper, as affording evidence that the accusation was legally made, it is not indispensable.　*　*　*　Section 3499 requires that the indictment should be indorsed ' a true bill,' and section 3535 requires that the clerk should indorse it 'filed ;' but there is no statutory requirement that an entry of the return into court should be put in the minutes."

As we have already shown, there is a statutory requirement in this state requiring that the fact of the presentment of the indictment in open court by the grand jury shall be entered upon the minutes of the proceedings of the court. After a careful examination of all the authorities accessible to us, we believe the 2d exception to the indictment was well taken.

In the case of *Chappel* v. *The State*, which is a leading case upon this point, Catron, C. J., delivered the opinion of the court. He says :

" In the record before the court a bill of indictment is

36

found indorsed ' a true bill,' and this indorsement signed by the foreman of the grand jury; but no evidence or entry appears of record showing that the indictment was returned into court by the grand jury; and the question is: Can the conviction be permitted to stand? The accusation against the defendant is in complete form, by the face of the indictment and the indorsement on it of ' a true bill,' signed officially by the foreman of the grand jury; which indorsement, when the indictment is returned into court, received, and filed, becomes part of the indictment. But when do the indictment and indorsement become part of the record? Here, as in England, when the jury has found the bill, and the proper indorsements are made, it brings them publicly into court, and the clerk calls the jurors by name, who answer, to show that at least twelve are present, for less cannot find the bill; and they are asked if they have agreed upon any bills, when, by their foreman, the jury present the bills to the clerk, who asks them if they agree that the court shall alter as to matters of form, etc. 1 Chitty on Cr. Law, 266.

"Were this form not observed, great irregularity might creep into practice with grand juries, and in many instances less than twelve, in fact, agree to the finding. Therefore, without an exception known to this court, the practice in the state has been to make a record of the fact that the bill has been found, to wit: ' This day the grand jury returned into open court a bill of indictment against A B, for larceny, a true bill, and retired to consider of further presentments,' etc. The court is of opinion this practice is in accordance with the safety of the citizen, and that no less evidence than the record evidence can be received to establish the fact that the accused has been indicted in due form by the grand jury, the returning the bill into court being a judicial act. No evidence existing that the present bill of indictment was found by the grand jury, the defendant

could not be legally tried upon it, nor can he be punished, more than if the indictment had not been found a true bill, and merely filed by the solicitor." 8 Yer. 170, 171.

The supreme court of Arkansas say:

" The only mode of preferring an indictment is through the medium of a grand jury. It is the imperative duty of the grand jury to make this presentment in open court. The indictment is the foundation of all subsequent proceedings in the cause ; and, to uphold them, the record ought to show affirmatively the returning of the indictment into court by the grand jury. This is a necessary part of the record, and can no more be dispensed with than the verdict of the jury or the judgment of the court." 19 Ark. 188. See, also, *Commonwealth* v. *Cawood*, 2 Va. Ca. 527, 541, 547 ; *The State* v. *Muzingo*, Meigs, 112 ; *Brown* v. *The State*, 7 Humph. 155 ; *Chappel* v. *The State*, 8 Yer. 166 ; *Rainey* v. *The People*, 3 Gilm. 71 ; *McKinney* v. *The People*, 2 Gilm. 551 ; *Adams* v. *The State*, 11 Ind.

In a country like ours an adherence to technical rules may, in some cases, seem to produce inconvenience rather than subserve the substantial purposes of justice. But we know not what troubles the future may produce, and the time may soon come, even in our own country, when the wisdom of adhering to these long and well-established rules will be manifest. For this error in the court, in overruling defendant's motion to quash the indictment, the judgment must be reversed and cause dismissed.

*Reversed and dismissed.*